UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **CAROLYN SAMANO,** <br> **TDCJ No. 02275882,** <br><br> Petitioner, <br><br> v. <br><br> **BOBBY LUMPKIN, Director,** <br> **Texas Department of Criminal Justice,** <br> **Correctional Institutions Division,** <br><br> Respondent. | §§§§§§§§§§§§§§ | **CIVIL NO. SA-22-CA-0508-JKP** |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* Petitioner Carolyn Samano's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and Respondent Bobby Lumpkin's Answer (ECF No. 13). Petitioner challenges the constitutionality of her 2020 state court conviction for engaging in organized crime, arguing that her guilty plea was involuntary because: (1) her trial counsel incorrectly informed her that the charge against her was neither aggravated nor a 3(g) offense, and (2) trial counsel incorrectly informed her that she could not plead guilty to the lesser offense of fraud. In his answer, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. **Background**

In February 2020, Petitioner plead guilty in Guadalupe County to engaging in organized criminal activity, a first-degree felony under Texas law. *State v. Samano*, No. 19-0576-CR-C (25th Dist. Ct., Guadalupe Cnty., Tex. Feb. 19, 2020); (ECF No. 11-6 at 69-73). Pursuant to the plea bargain agreement, Petitioner was sentenced to fifteen years of imprisonment. (ECF No. 11-6 at 81-83). Because Petitioner waived her right to appeal as part of the plea bargain agreement, she did not directly appeal her conviction and sentence. (ECF No. 11-6 at 68).

Instead, Petitioner challenged the constitutionality of her state court conviction by filing an application for state habeas corpus relief on January 24, 2021, at the earliest.[1] *Ex parte Samano*, No. 92,397-01 (Tex. Crim. App.); (ECF No. 11-6 at 23). The Texas Court of Criminal Appeals eventually denied the application with written order on January 26, 2022. (ECF No. 11-2). Thereafter, Petitioner filed the instant federal habeas petition on May 19, 2022. (ECF No. 1).

## II. **Timeliness Analysis**

Respondent contends the allegations raised in Petitioner's federal habeas petition are barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

---

[1] Because of Petitioner's *pro se* status, the prison mailbox rule applies to her state habeas application. *Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending mailbox rule to state habeas application delivered to prison authorities for mailing).

In this case, Petitioner's conviction became final March 20, 2020, when the time for appealing the judgment and sentence expired. *See* Tex. R. App. P. 26.2 (providing a notice of appeal must be filed within thirty days following the imposition of a sentence). As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging her underlying convictions expired a year later on March 20, 2021. Because Petitioner did not file her § 2254 petition until May 19, 2022—well over a year after the limitations period expired—her petition is barred by the one-year statute of limitations unless it is subject to statutory or equitable tolling.

A.   **Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Petitioner is, however, entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." As discussed previously, Petitioner challenged the instant conviction by filing a *pro se* state habeas application on January 24, 2021, which was eventually denied by the Texas Court of Criminal Appeals on January 26, 2022. Accordingly, Petitioner's state habeas application tolled the limitations period for a total of 367 days, making her federal petition due March 22, 2022. Again, she did not file the instant § 2254 petition until May 19, 2022—two months too late.

### B.     Equitable Tolling

In some cases, the limitations period may be subject to equitable tolling.  The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner has not replied to Respondent's assertion of the statute of limitations, and her § 2254 petition provides no valid argument for equitably tolling the limitations period in this case.  Even with the benefit of liberal construction, Petitioner has provided no reasonable justification to this Court for the application of equitable tolling, as a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period.  *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, Petitioner fails to demonstrate that she has been pursuing her rights diligently. Petitioner's conviction became final in March 2020, yet Petitioner filed nothing until January 2021 when she executed her state habeas corpus application challenging the conviction and sentence.  This delay alone weighs against a finding of diligence.  *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had

waited seven months to file his state application).  Petitioner also fails to explain why she waited another four months after the Texas Court of Criminal Appeals denied her state habeas application in January 2022 before filing the instant federal petition in this Court.

Consequently, because Petitioner fails to assert any specific facts showing that she was prevented, despite the exercise of due diligence on her part, from timely filing her federal habeas corpus petition in this Court, her petition is untimely and barred by § 2244(d)(1).

### III.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA).  *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).  A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits:  The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds.  *Id*.  In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). The one-year statute of limitations found in the AEDPA has been in place since 1996, yet Petitioner missed the filing deadline by almost two months and provided no justification for the application of tolling. For these reasons, the Court concludes that jurists of reason would not debate whether Petitioner was entitled to federal habeas relief. As such, a COA will not issue.

### IV. Conclusion

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED**, and Petitioner Carolyn Samano's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED this the 6th day of October, 2022.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**